

IT IS ORDERED

Date Entered on Docket: November 15, 2018

_____
The Honorable Robert H Jacobvitz
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

| In Re: | Case No.: 18-12344-j7 |
|---|---|
| Paul Armstrong, | Chapter: 7 |
| Debtor(s) | |

### DEFAULT ORDER GRANTING MOTION FOR RELIEF FROM STAY AND TO ABANDON PROPERTY LOCATED AT 10820 CORONA RANCH RD SW, ALBUQUERQUE NEW MEXICO 87121

This matter came before the Court on the Motion for Relief from Automatic Stay and to Abandon Property filed on October 16, 2018, Docket No. 13 (the "Motion") by Idaho Housing and Finance Association, it successors and assigns ("Movant"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

1. On October 16, 2018, Movant served the Motion and a notice of the Motion (the "Notice") on the case Trustee, Philip J. Montoya ("Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on Debtor by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

1

2. The Motion relates to the property known as 10820 Corona Ranch Rd. SW, Albuquerque, New Mexico 87121 (the "Property") with a legal description:

> Lot numbered Three hundred Five-P1 (305-P1) of Sierra Ranch Subdivision Unit 2, as the same is shown and designated on the plat entitled, 'PLAT FOR SIERRA RANCH SUBDIVISION, UNIT 2, WITHIN THE TOWN OF ATRISCO GRANT, PROJECTED SECTION 5, TOWNSHIP 9 NORTH, RANGE 2 EAST, N.M.P.M., CITY OF ALBUQUERQUE, BERNALILLO COUNTY, NEW MEXICO, DECEMBER 2006', filed in the office of the County Clerk of Bernalillo County, New Mexico, on January 19, 2007 in Plat Book 2007C, page 16.

3. The Notice specified an objection deadline of 21 days from the date of service of the Notice, to which 3 days was added under Bankruptcy Rule 9006(f);

4. The Notice was sufficient in form and content;

5. The objection deadline expired on November 9, 2018;

6. As of neither Debtor(s) nor Trustee, nor any other party in interest, filed an objection to the Motion;

7. The Motion is well taken and should be granted as provided herein; and

8. By submitting this Order to the Court for entry, the undersigned counsel for Movant certifies under penalty of perjury that, on November 12, 2018, Dyane Martinez of Weinstein & Riley, P.S. searched the data banks of the Department of Defense Manpower Data Center ("DMDC") and found that DMDC does not possess any information indicating that Debtor is currently on active military duty of the United States.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Movant and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

    a. To enforce their rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements and/or other agreements to which Debtor is a party, to the extent permitted by applicable

non-bankruptcy law, such as by commencing or proceeding with appropriate action against Debtor(s) or the Property, or both, in any court of competent jurisdiction; and

   b. To exercise any other right or remedy available to them under law or equity with respect to the Property.

2. Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Movant need not name Trustee as a defendant in any state court action it may pursue to foreclose liens against the Property and need not notify Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of Debtor, although Debtor can be named as a defendant in litigation to obtain an *in rem* judgment or to repossess the Property in accordance with applicable non-bankruptcy law.

4. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

5. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

6. Movant is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with Debtor(s) and to enter into a loan modification with Debtor(s).

XXX END OF ORDER XXX

Submitted by:

/s/ Jason Bousliman
Jason C. Bousliman, SBN 14830
5801 Osuna Rd. NE, Suite A-103
Albuquerque, NM 87109
Telephone: 505-348-3204
Facsimile: 505-214-5116
E-mail: JasonB@w-legal.com
Attorney for Movant

Copies to:

Paul Armstrong
1026 Marquette NW
Albuquerque, NM 87102

Philip J. Montoya
Trustee
1122 Central Ave SW, Ste #3
Albuquerque, NM 87102

United States Trustee
PO Box 608
Albuquerque, NM 87103-0608 2